Gray, J.
(dissenting).—The question presented by this-appeal seems to possess sufficient interest to call for a brief statement of the grounds upon which I place my dissent from the views entertained by a majority of my associates.
With respect to the transaction of the loan to the university, Dean was, of course, not acting in any sense as the-agent of Constant. In that transaction Constant had no-interest. But as Constant’s agent with respect to his mortgage, Dean owed him a duty. He should have advised him of the contemplated mortgage to the university, so-that his own mortgage might be recorded and made the prior-lien. In failing to do so he violated his duty. In. the transaction of loan to the university, he waspts agent; but was chargeable with the knowledge of the prior unsatisfied and unrecorded mortgage to Constant. That knowledge-was imputable to his principal, the university, and affected it with such notice as to deprive it of the protection which, otherwise, it would hqye been entitled to under the recording act. Its rights were made, thereby, subject to those of Constant. The transaction in which the university was engaged was an independent one; but in it the knowledge of the agent who conducted it was visitable upon his principal.
The trial judge found that Dean had knowledge of the Constant mortgage at the time of the transaction of the university loan, and I think the evidence supports such a. finding in the proof of the' circumstances attending it.
*221 The general rule is not open to dispute that notice to the agent is notice to the principal. If the agent has knowledge of a fact, while he is acting for the principal, in the course of the very transaction which becomes the subject of the suit, this operates as constructive notice to the principal himself. For, upon general principles of policy, it must be taken for granted that the principal knows what the agent knows.
“To constitute constructive notice, it is not indispensable that it should be brought home to the party himself. It is sufficient if it is brought home to the agent, attorney or counsel of the party; for in such cases the law presumes-notice in the principal, since it would be a breach of trust in the former not to communicate the knowledge to the latter.” Story’s Eq. Jur., § 408.
These rules are well recognized as underlying the law of principal and agent. In their application to the agents of a. corporation, they were asserted recently by Andrews, J., in Cragie v. Hadley (99 N. Y., 131). In Brotherton v. Hatt (2 Vernon, 574), A. made three several mortgages to B., C. and D., and in the last mortgage B. is a party, and agrees that after he is paid, he will stand trustee for D.
It was decreed by the master of the rolls and affirmed by the lord keeper, that the second mortgagee, C., should be paid before D.; for the same scriveners being employed in all transactions, notice to them of C.’s mortgage was notice to D. In Norris v. Le Neve, 3 Atk., 26, 35, a bill of review - (which is granted upon discovery of new matter not known before the decree) was refused by Lord Hardwicke, where it appeared that the parties’ attorney, solicitor or agent, in an ejectment upon the same title tried prior to the decree, had in his possession, at the time of that trial, the documents from which the new matter was collected. In Nixon v. Hamilton, 2 Dru. & W., 364, W. B., a land and law agent of F. H., negotiated a deed of separation and maintenance between F. H. and his wife, and by fraud prevented its registry. Four years afterwards he was employed in the negotiation of a loan of money, which was advanced on a registered mortgage of the estates comprised in the deed of maintenance as solicitor both for F. H. and the lender. In a contest for priority between the unregistered deed of maintenance and the registered mortgage, it was held that inasmuch as the knowledge acquired in the transaction of the deed of maintenance was brought home to W. B., and its continuance so clearly proved as to make it fraudulent on his part to conceal it, when acting in the mortgage transaction, such fraud on the part of W. B., the agent, was visitable on his principal, the lender, and that the latter should be treated as one who, through his agent, had actual notice of the deed of maintenance, and that consequently his deed should be p ostponed to the wife’s unregistered deed.
*222 Lord Plunket, in Nixon v. Hamilton, said: “ If from the circumstances of the case, it satisfactorily appeared that the attorney at the time of the second transaction had full knowledge and recollection of the first transaction, it was fraudulent in him to conceal it from his principal, and if so, the principal should not be at liberty to derive a benefit from the fraud of hi s attorney, * * * however acquired, if it (knowledge) existed at the time of the second transaction, it was a fraud to conceal it, and this fraud of the attorney should be visited on the principal.” It has been held that where in the purchase of real estates the same agent is employed for both parties, each side is affected with notice as much as if different agents had been employed (Ambler, 439). In Toulmin v. Steere, 3 Merivale’s Reports, 210, where the purchaser of an estate employed the vendor’s agent, who had notice of an existing encumbrance which affected it, the master of the rolls held that such notice to the agent operated constructively as a notice to his employer, notwithstanding an infant was interested in the purchase.
In Champlin v. Laytin, 6 Paige, at p. 203, Chancellor Walworth said: “For certain purposes and where the equitable rights of third persons are concerned, it has been found necessary by this court to hold a purchaser to be chargeable with constructive notice of all the facts communicated to his attorney or agent for the purchase, or in the examination of the title, and that notice of the existence of a deed was good constructive notice of the contents of the deed itself, especially if it was one of the deeds under which the purchaser derived his title to the premises,” and see Griffith v. Griffith, 9 Paige, 317.
The conclusion at which I have arrived, after the examination of this record, is that the university was chargeable with notice of the existing unrecorded mortgage, through the knowledge coming to its agent and attorney, Dean, and it cannot therefore be regarded as a subsequent purchaser in good faith. In Page v. Waring (76 N. Y., 463, 469, 470), there is nothing conflicting with my views. Judge Earl recognizes the well-settled rule that the valuable consideration required by the statute to support a subsequent conveyance must be accompanied by the element of good faith; that is to say, an absence of notice of the previous unrecorded conveyance.
There can be no reasonable doubt as to his complete representation of the university as its agent, attorney, and indeed managing trustee, in the transaction forming the subject of this investigation; while, in refusing to find any facts showing Dean to have been at the time, in the transaction, empowered to represent or bind Constant, the learned trial judge was sustained by the absence of proofs to establish them. This is not a question of morals; *223 but one simply as to what is the legal conclusion from; the facts disclosed by the proofs.
' I think the judgment at special term was right, and that the judgment of the general term affirming the same should be affirmed by this court.